UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| INNOVATIVE CUSTOM BRANDS, INTL.,INC |
| Plaintiff, |
| -v- |
| SOLE CITY, INC., SOLOMON SAFEDEYE, ALAN KANDALL, JEFFREY BERNSTEIN, and MARC DOLCE, |
| Defendants. |

Case No. <u>04 CV 2937</u>

**ANSWER OF DEFENDANT MARC DOLCE AND CROSS-CLAIM FOR INDEMNIFICATION AND CONTRIBUTION**

The Defendant, Marc Dolce, answers the allegations of the Plaintiff, Innovative Custom Brands Intl., Inc., as follows:

<u>Nature of the Action</u>

1. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 1 of the Complaint.

<u>Jurisdiction and Venue</u>

2. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 2 of the Complaint and reserves the right to challenge same in a timely manner during the course of this litigation.

3. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 3 of the Complaint and reserves the right to challenge same in a timely manner during the course of this litigation.

<u>The Parties</u>

4. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 4 of the Complaint.

5. The Defendant admits the allegations set forth in Paragraph 5 of the Complaint to the extent that Sole City is engaged in the business of manufacturing and selling branded footwear to national and regional retailers throughout the United States and Canada and that its business address is 141 W. 36th Street, New York, NY. The Defendant does not have information sufficient to admit or deny the balance of the allegations set forth in Paragraph 5 of the Complaint.

6. The Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7. The Defendant admits the allegations set forth in Paragraph 7 of the Complaint to the extent that Kandall's business address is 141 W 36th Street, NY, NY, and that he is the Chief Financial Officer of Sole City. The Defendant is without information sufficient to admit or deny the balance fo the allegations set forth in Paragraph 7 of the Complaint.

8. The Defendant admits the allegations set forth in Paragraph 8 of the Complaint to the extent that Bernstein's business address is 141 W 36th Street, NY, NY, and that he is the Chief Operating Officer of Sole City. The Defendant is

    without information sufficient to admit or deny the balance fo the allegations set forth in Paragraph 8 of the Complaint.

9. The Defendant admits the allegations set forth in Paragraph 9 of the Complaint to the extent that Dolce resides at 82 Halpin Avenue, Staten Island, NY, and that he was a former employee of Sole City. The Defendant denies the balance of the allegations set forth in Paragraph 9 of the Complaint.

<u>Background</u>

10. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 10 of the Complaint.

11. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 11 of the Complaint.

12. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 12 of the Complaint.

13. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 13 of the Complaint.

14. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 14 of the Complaint.

15. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 15 of the Complaint.

### Defendants' Willful Trademark Violations

16. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 16 of the Complaint.

17. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 17 of the Complaint.

### Multiple Breaches of the Troop License

18. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 18 of the Complaint.

19. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 19 of the Complaint.

20. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 20 of the Complaint.

21. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 21 of the Complaint.

22. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 22 of the Complaint.

23. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 24 of the Complaint.

Fraudulent Promises to Pay

24. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 24 of the Complaint.

25. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 25 of the Complaint.

26. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 26 of the Complaint.

27. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 27 of the Complaint.

28. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 28 of the Complaint.

29. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 29 of the Complaint.

30. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 30 of the Complaint.

31. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 31 of the Complaint.

32. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 32 of the Complaint.

33. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 33 of the Complaint.

34. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 34 of the Complaint.

35. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 35 of the Complaint.

36. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 36 of the Complaint.

37. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 37 of the Complaint.

38. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 38 of the Complaint.

39. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 39 of the Complaint.

40. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 40 of the Complaint.

41. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 41 of the Complaint and objects to the use of the collective term "Defendants" as none of these allegations pertain to Dolce.

42. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 42 of the Complaint and objects to the use of the collective term "Defendants" as none of these allegations pertain to Dolce.

43. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 43 of the Complaint and objects to the use of the collective term "Defendants" as none of these allegations pertain to Dolce.

The Ludacris Contract

44. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 44 of the

Complaint and objects to the use of the collective term "Defendants" as none of these allegations pertain to Dolce.

45. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 45 of the Complaint and objects to the use of the collective term "Defendants" as none of these allegations pertain to Dolce.

46. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 46 of the Complaint and objects to the use of the collective term "Defendants" as none of these allegations pertain to Dolce.

47. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 47 of the Complaint and objects to the use of the collective term "Defendants" as none of these allegations pertain to Dolce.

48. The Defendant admits the allegations set forth in Paragraph 48 of the Complaint to the extent that he was Sole City's senior designer and worked with and met with Scurlock frequently.

49. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 49 of the Complaint and objects to the use of the collective term "Defendants" as none of these allegations pertain to Dolce.

50. The Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 51 of the Complaint and objects to the use of the collective term "Defendants" as none of these allegations pertain to Dolce.

52. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 52 of the Complaint and objects to the use of the collective term "Defendants" as none of these allegations pertain to Dolce.

53. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 53 of the Complaint and objects to the use of the collective term "Defendants" as none of these allegations pertain to Dolce.

54. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 54 of the Complaint and objects to the use of the collective term "Defendants" as none of these allegations pertain to Dolce.

55. The Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**Federal Trademark Infringement Against Defendants Sole City and Safedeye**

56. The Defendant reiterates his responses to the allegations set forth in Paragraphs 1 through 55 of the Complaint as though recited herein verbatim and at length.

57. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 41 of the Complaint.

58. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 58 of the Complaint.

59. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 59 of the Complaint.

60. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 60 of the Complaint.

**SECOND CLAIM FOR RELIEF**
<u>Federal False Designation of Origin Against Defendants Sole City and Safedeye</u>

61. The Defendants reiterates his responses to the allegations set forth in Paragraphs 1 through 60 of the Complaint as though recited herein verbatim and at length.

62. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 62 of the Complaint.

63. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 63 of the Complaint.

64. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 64 of the Complaint.

65. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 65 of the Complaint.

## THIRD CLAIM FOR RELIEF
### Federal False Advertising Against Defendants Sole City and Safedeye

66. The Defendant reiterates his responses to the allegations set forth in Paragraphs 1 through 65 of the Complaint as though recited herein verbatim and at length.

67. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 67 of the Complaint.

68. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 69 of the Complaint.

69. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 69 of the Complaint.

70. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 70 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### Common Law Trademark Infringement Against Defendants Sole City and Safdeye

71. The Defendant reiterates his responses to the allegations set forth in Paragraphs 1 through 70 of the Complaint as though recited herein verbatim and at length.

72. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 72 of the Complaint.

73. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 73 of the Complaint.

74. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 74 of the Complaint.

75. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 75 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**Breach of License Agreement Against Defendants Sole City and Safedeye**

76. The Defendant reiterates his responses to the allegations set forth in Paragraphs 1 through 75 of the Complaint as though recited herein verbatim and at length.

77. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 77 of the Complaint.

78. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 78 of the Complaint.

79. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 79 of the Complaint.

80. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 80 of the Complaint.

## SIXTH CLAIM FOR RELIEF
### Breach of Ludacris Agreement Against Sole City and Safdeye

81. The Defendant reiterates his responses to the allegations set forth in Paragraphs 1 through 80 of the Complaint as though recited herein verbatim and at length.

82. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 82 of the Complaint.

83. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 83 of the Complaint.

84. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 84 of the Complaint.

85. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 85 of the Complaint.

## SEVENTH CLAIM FOR RELIEF
### Fraud Against All Defendants

86. The Defendant reiterates his responses to the allegations set forth in Paragraphs 1 through 85 of the Complaint as though recited herein verbatim and at length.

87. The Defendant denies the allegations set forth in Paragraph 87 of the Complaint.

88. The Defendant denies the allegations set forth in Paragraph 88 of the Complaint.

89. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 89 of the Complaint.

90. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 90 of the Complaint.

91. The Defendant denies the allegations set forth in Paragraph 91 of the Complaint.

**EIGHTH CLAIM FOR RELIEF**
**Negligent Misrepresentations Against Defendants Sole City and Safdeye**

92. The Defendant reiterates his responses to the allegations set forth in Paragraphs 1 through 91 of the Complaint as though recited herein verbatim and at length.

93. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 93 of the Complaint.

94. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 94 of the Complaint.

95. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 96 of the Complaint.

96. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 96 of the Complaint and objects to the use of the collective term "Defendants" as none of these allegations pertain to Dolce.

      The Defendant denies the allegations set forth in Paragraph 96 of the Complaint.

97. The Defendant denies the allegations set forth in Paragraph 97 of the Complaint.

98. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 98 of the Complaint and objects to the use of the collective term "Defendants" as none of these allegations pertain to Dolce.

99. The Defendant denies the allegations set forth in Paragraph 99 of the Complaint.

100. The Defendant denies the allegations set forth in Paragraph 100 of the Complaint.

### NINTH CLAIM FOR RELIEF
#### Unjust Enrichment Against Defendants Sole City and Safdeye

101. The Defendant reiterates his responses to the allegations set forth in Paragraphs 1 through 100 of the Complaint as though recited herein verbatim and at length.

102. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 102 of the Complaint.

103. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 103 of the Complaint.

104. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 104 of the Complaint.

105. The Defendant is without information sufficient to admit or deny the allegations set forth in Paragraph 105 of the Complaint.

WHEREFORE, the Defendant, Marc Dolce, demands judgment against the Plaintiff dismissing all of its Claims for Relief in their entirety and seeks an award of counsel fees and costs of suit incurred herein.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint must be dismissed for lack of subject matter and personal jurisdiction.

### SECOND SEPARATE DEFENSE

The claims for relief in the Complaint are barred by the Plaintiff's own fraud and misrepresentations in this transaction.

### THIRD SEPARATE DEFENSE

The claims for relief in the Complaint are barred by the doctrines of legal and equitable estoppel.

### FOURTH SEPARATE DEFENSE

The claims for relief are barred by the doctrine of laches.

### FIFTH SEPARATE DEFENSE

The claims for relief in the Complaint are barred by the doctrine of waiver.

### SIXTH SEPARATE DEFENSE

The claims for relief in the Complaint are barred because they fail to state a cause of action.

<u>SEVENTH SEPARATE DEFENSE</u>

The claims for relief in the Complaint are barred because of the failure of consideration renders the contract void.

<u>EIGHTH SEPARATE DEFENSE</u>

The claims for relief in the Complaint are barred because the contract is void for lack of the meeting of the minds in its formation.

<u>NINTH SEPARATE DEFENSE</u>

The claims for relief in the Complaint are barred by the Plaintiff's own fraud in the creation of this contract.

<u>TENTH SEPARATE DEFENSE</u>

The claims for relief in the Complaint are barred by the Statute of limitations.

<u>ELEVENTH SEPARATE DEFENSE</u>

The claims for relief in the Complaint are barred by the Statute of Frauds.

<u>TWELFTH SEPARATE DEFENSE</u>

The Plaintiff's damages, if any, are a result of its own actions.

<u>THIRTEENTH SEPARATE DEFENSE</u>

The Plaintiff's damages, if any, are the result of third parties' actions over whom the Defendant, Marc Dolce, had no control.

<u>FOURTEENTH SEPARATE DEFENSE</u>

The Plaintiff has failed to mitigate its damages.

<u>FIFTEENTH SEPARATE DEFENSE</u>

The claims for relief in the Complaint are barred by the doctrine of unclean hands.

<u>SIXTEENTH SEPARATE DEFENSE</u>

The Plaintiff has failed to plead fraud with the requisite particularity.

WHEREFORE, the Plaintiff demands judgment dismissing the Complaint in its entirety and seeks an award of counsel fees and costs of suit incurred herein.

**CROSS CLAIM FOR INDEMNIFICATION AND CONTRIBUTION
AGAINST SOLE CITY, INC. AND SAFDEYE**

The Defendant/Cross-Claimant seeks indemnification and contribution from the Defendants Sole City, Inc. and Solomon Safdeye, for any and all sums for which the Defendant, Marc Dolce, is held liable as a result of any judgment or order obtained by the Plaintiff against him.

                                Albert Buzzetti, Esq. (AB3114)
                                Albert Buzzetti & Associates, LLC
                                2 Penn Plaza
                                Suite 1500
                                New York, New York 10121
                                (212) 564-9009