UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INNOVATIVE CUSTOM BRANDS INTL., INC., :

        Plaintiff,                               Index No.: 04 CV 2937 (unassigned)

  – against –                       : **MEMORANDUM OF LAW IN SUPPORT OF BERNSTEIN'S MOTION TO DISMISS**

SOLE CITY, INC., SOLOMON SAFDEYE,
ALAN KANDALL, JEFFREY BERNSTEIN
and MARC DOLCE,

        Defendants.

---

Defendant Jeffrey Bernstein respectfully submits this memorandum of law in support of his motion to dismiss the fraud claim against him, which is the only claim alleged against him by the plaintiff Innovative Custom Brands, Intl., Inc. ("I.C.B.").

**Preliminary Statement**

In light of the redundancy of I.C.B.'s claim in this action *vis-à-vis* its earlier-filed action, Case No. 04 CV 2907 (RJH) – the specific allegations against Bernstein are exactly the same in both complaints – we restate there is no benefit in granting I.C.B. a respite from its inevitable day of reckoning.[1] New York law does not provide redress for contract claims cloaked in boilerplate asseverations of fraud. I.C.B.'s claim against Bernstein is nothing more than an improper attempt to recover from him in tort, the exact

---

[1] From this point forward, this memorandum of law mirrors that filed in the companion civil action, Case No. 04 CV 2907 (RJH), except for the citations to paragraphs in the respective complaints. So as not to complicate otherwise his straightforward, identical, and dispositive motions, Bernstein is not at this time challenging the Court's subject matter jurisdiction in this second-filed action on grounds that the fraud claim is unrelated to the Lanham Act claim on which original (federal question) jurisdiction is based. 28 U.S.C. § 1367.

monetary damages ($1.4 million) alleged against defendant Sole City, Inc. for breach of contract.

Assuming all facts asserted in the complaint are true, I.C.B. and Sole City (where Bernstein is employed) entered into a contract for the sale of trademarked goods. The business relationship ended when Sole City breached the agreement by failing to pay for goods sold and delivered. After the breach, while the parties were attempting to settle the matter by negotiating various payment plans, Bernstein allegedly made representations regarding Sole City's intent and ability to pay.

New York's state and federal jurisprudence preclude I.C.B. from transmuting its breach of contract claim against Sole City into a fraud claim against Bernstein. Accordingly, we urge the Court to dismiss I.C.B.'s claim against Bernstein.

### Standard On This Motion

It is well established that a motion to dismiss under Federal Rule 12 (b) (6), "[t]he Court must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party. A court should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Hughes v. The Lillian Goldman Family, LLC,* 153 F. Supp. 2d 435, 444 (S.D.N.Y. 2001). It is hornbook law that a Court presented with a motion to dismiss "…must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *Patel v. Contemporary Classics of Beverly Hills,* 259 F.3d 123, 126 (2d Cir. 2001) (citations omitted).

## Argument

### I.

### I.C.B. Improperly Attempts to Cloak a Breach of Contract Claim as a Fraud Claim

In the Second Circuit, it is well settled that where the plaintiff's fraud claim is premised upon an alleged breach of contract,

> a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages.

*Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.*, 98 F.3d 13, 20 (2d Cir. 1996) (internal citations omitted).

In *Bridgestone*, the Second Circuit Court of Appeals reversed the district court's finding that the defendant was liable for fraud, holding that although the defendant's statements may have been "intended to lull [the plaintiff] into a false sense of security" resulting in plaintiff's detrimental reliance, the defendant's representations were little more than intentionally false statements indicating an intent to perform under the contract. *Bridgestone/Firestone, Inc.*, 98 F.3d at 20. The Court concluded that such facts do not support a claim of fraud under New York law. *Id.* at 19.

More recently, in *Turnbull v. Kling* the plaintiff alleged that he had been fraudulently induced to enter into a settlement agreement by the defendant's misrepresentations that it was about to obtain funding that would permit the defendant to pay the settlement within a matter of weeks; however, the defendant failed to make any payments under the settlement agreement and the plaintiff sued for fraud. *Turnbull v.*

*Kling*, 1999 U.S. Dist. LEXIS 13056, * 8-9 (S.D.N.Y. Aug. 26, 1999). The court dismissed the plaintiff's fraud claim under Rules 12(b) and 9(b) of the Federal Rules of Civil Procedure, stating that

> [t]his is a classic example of a contract claim disguised as a fraud. Defendant made his alleged misrepresentation – that "financing [...] was in place and that there would be an infusion of funds on January 1, 1999" – during settlement negotiations in conjunction with his request that settlement monies be paid in installments beginning January 15, 1999.... Thus, defendant's [representation] was simply a promise that GSI would be in a position to pay plaintiff $50,000 after January 1, 1999. Similarly, plaintiff's allegation of harm – that GSI failed to make any payments as required under the Settlement Agreement – is simply a claim that GSI breached the Settlement Agreement.

*Id.* at *17. "*Turnbull* teaches that a misrepresentation concerning the availability of the assets necessary to perform the contract does not give rise to a fraud claim." *Beeland Interests, Inc. v. Armstrong*, 2000 U.S. Dist. LEXIS 13741, * 13 (S.D.N.Y. Sept. 22, 2000).

Like *Turnbull*, I.C.B. alleges that Bernstein intentionally misrepresented that a third party, his employer Sole City, had "the intent and ability to make payments due" to I.C.B. pursuant to Sole City's promise. Complaint ¶ 87. In particular, I.C.B. states that Bernstein "...misrepresented to Featherston that Sole City lacked the funds to pay Plaintiff's invoices, but assured Featherston that Safdeye was going to pledge one of his two houses as security to finance the payment of Sole City's debt." Complaint ¶ 36. I.C.B. also avers that Bernstein misrepresented that "Sole City would begin paying Plaintiff a minimum of $100,000 per month in January 2004." Complaint ¶ 37.

Bernstein's alleged representations concerning the availability of Sole City's assets and its intent to pay do not give rise to a fraud claim against him personally. These

statements, like those in *Turnbull v. Kling, supra*, reflect Bernstein's then-existing belief and estimation that Sole City would be in a position to pay plaintiff $100,000 per month. Even if such commentary had the effect of "lulling [I.C.B.] into a false sense of security," this does not support a cause of action for fraud against Bernstein under well-settled New York law. *Bridgestone/Firestone, Inc., 98 F.3d at 20*.

In sum, I.C.B. does not: (i) allege that Bernstein assumed a legal duty to perform under the contract, which he did not sign; (ii) demonstrate a fraudulent misrepresentation "collateral or extraneous" to its (I.C.B.'s) contract with Sole City; or (iii) seek "special damages" unrecoverable as contract damages; to the contrary, I.C.B. seeks the same damages for fraud as it does for breach of contract. *Bridgestone/Firestone, Inc., 98 F.3d at 19-20*. I.C.B. has improperly attempted to cast its contract claim as a cause of action for fraud, which our law does not condone. Hence, this claim should be dismissed.

## II.

### I.C.B. Fails To Plead Its Fraud Claim With Sufficient Particularity

The case against Bernstein should be dismissed because I.C.B. fails to plead, and cannot plead, its sole claim for fraud with requisite particularity. A claim for fraud consists of the following elements: (1) a material false representation or omission of an existing fact; (2) made with knowledge of its falsity; (3) with an intent to defraud; (4) causing reasonable reliance; (5) and damages. *Hughes,* 153 F. Supp. 2d at 443. Under the Federal Rules of Civil Procedure, fraud claims must be plead with particularity. See Fed. R. Civ. P. 9 (b). To wit, "[t]he complaint must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the

statements were made, and (4) explain why the statements were fraudulent." *Anatian v. Coutts Bank*, 193 F.3d 85, 88 (2d Cir. 1999) (citations omitted).

The complaint must allege "facts that give rise to a strong inference of fraudulent intent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). To establish this strong inference, I.C.B. must allege (a) facts to show that defendants had both motive and opportunity to commit fraud, or (b) facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness. *Id.*

I.C.B.'s complaint fails in each regard. Bernstein has no motive to commit fraud. "To allege a motive sufficient to support the inference that optimistic but erroneous statements were fraudulently made, a plaintiff must do more than merely charge that executives aim to prolong the benefits of the positions they hold." *Shields, 25 F.3d at 1130*. The plaintiff must allege defendant has (or will) derive an economic benefit from the alleged misrepresentations and nondisclosures. *Id.* I.C.B. fails to state a claim in this regard, because I.C.B. alleges nothing about an economic benefit accruing to Bernstein. The only conceivable benefit Bernstein could have acquired was merely prolonging the benefits of his position, which is not actionable. The only individual who might benefit from the alleged misrepresentations is Sole City's alleged alter ego, Solomon Safdeye, which has no relevance to the case against Bernstein.

Furthermore, there is nothing within the complaint that demonstrates that Bernstein's asserted estimation of Sole City's ability to perform was made recklessly or with conscious intent to defraud. At worst, Bernstein's alleged comments were products of misguided optimism, which is not a cause of action nor does it support an inference of

fraud. *Shields*, 25 F.3d at 1129 (stating "…misguided optimism is not a cause of action, and does not support an inference of fraud.").

It is also clear, upon perusal of the complaint, that I.C.B. did not rely to its detriment upon Bernstein's alleged misstatements nor did it suffer damages because of Bernstein's representations. As the First Department has eloquently stated, "[…O]ne cannot be induced to tender a performance which is required as a part of a pre-existing contractual obligation. …[A] plaintiff cannot claim to have been defrauded into doing what it was legally bound to do." *Megaris Furs, Inc. v. Gimbel Brothers, Inc.*, 172 A.D.2d 209, 212, 586 N.Y.S.2d 581, 584 (1st Dep't 1991) (citations omitted).

I.C.B. claims that Bernstein's comments in December 2003 were made to induce it to continue supplying Sole City with licensed products. Complaint ¶¶ 41, 88. However, at that time, I.C.B. had a pre-existing contract with Sole City, dated September 1, 2002 pursuant to which I.C.B. had covenanted to supply Sole City with trademarked footwear. Complaint ¶ 12. Ipso facto, Bernstein's comments were not inducements upon which I.C.B. reasonably relied.

Finally, I.C.B.'s claim for fraud damages is deficient because I.C.B. did not suffer any damages as a result of the alleged misrepresentations. New York Courts require plaintiffs asserting fraud to connect the losses purportedly sustained with the misrepresentations allegedly made. See *Megaris Furs, Inc., 172 A.D.2d at 213* (dismissing the plaintiff's claim of fraud where the "[p]laintiff's pleadings were devoid of any attempt to demonstrate the requisite nexus between the misrepresentation alleged to have been made and the injury said to have been sustained.").

I.C.B. generally states that it was damaged as a result of Bernstein's actions without explaining the connection between Bernstein's comments and the harm suffered by it (I.C.B.). Instead, I.C.B. baldly avers that its damages are in excess of $1.4 million dollars, an amount equal to the damages sought in its breach of contract claim. There is no causal nexus between Bernstein's remarks and I.C.B.'s damages because according to the complaint, all or almost all of the goods at issue were shipped prior to the date I.C.B. first met with Bernstein, in December 2003. Compare complaint ¶ 15 with ¶¶ 36-37. Hence, I.C.B.'s claim against Bernstein should be dismissed.

## Conclusion

Even if I.C.B.'s allegations were true, it could not sustain a claim against Bernstein for fraud. New York law does not countenance breach of contract allegations made to look like fraud. Moreover, I.C.B.'s allegations of fraud fall well short of the Rule 9(b) requirement that they be pled with specificity. We therefore urge the Court to dismiss I.C.B.'s claim with prejudice.

Dated: New York, New York
       May 6, 2004

                                        FELDMAN WEINSTEIN LLP


                                        By:____s/Eric D. Harris_____
                                           Eric Weinstein (EW-5423)
                                           Eric D. Harris (EH-1341)
                                           420 Lexington Avenue
                                           New York, NY 10170
                                           (212) 869-7000

                                        Attorneys for Defendant Jeffrey Bernstein


This document has been filed electronically.