IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
INNOVATIVE CUSTOM BRANDS INTL., INC.,  :
                                       :
           Plaintiff,                  :
                                       :
    -against-                          :    Civil Action No. 04 CV 2937 (RJH)
                                       :
                                       :
SOLE CITY, INC., SOLOMON SAFDEYE,      :
ALAN KANDALL, JEFFREY BERNSTEIN and    :
MARC DOLCE,                            :
                                       :
           Defendants.                 :
------------------------------------------------------------------x

# MEMORANDUM OF LAW OF DEFENDANTS IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

Adam M. Cohen  (AMC-9918)
Dana M. Susman (DMS-5436)
KANE KESSLER, P.C.
1350 Avenue of the Americas
New York, New York  10019
Tel.: (212) 541-6222
Fax.: (212) 245-3009

Attorneys for Defendants
Sole City, Inc., Solomon Safdeye and
Alan Kandall

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………………...ii

PRELIMINARY STATEMENT ....................................................................................................1

STATEMENT OF FACTS .............................................................................................................3

    Relevant Provisions of the License Agreement ........................................................................3
    Course of Conduct Between the Parties Relating to Manufacture of Subject Goods .................4
    Companion Case ........................................................................................................................5

ARGUMENT...................................................................................................................................5

THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6) AS AGAINST ALL DEENDANTS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ............................................................................................................5

    A.  Legal Standard ...................................................................................................5

    B.  Plaintiff Fails to State a Claim Under Sections 32 or 43(a) of the Lanham Act or For Common Law Trademark Infringement .............................................................6

        1.  The Sale of Genuine Goods Cannot Form the Basis For a Trademark Infringement Claim......................................................................................6

        2.  Even The Sale of Unauthorized Genuine Goods Cannot Form the Basis For a Trademark Infringement Claim ...............................................................9

    C.  Plaintiff Fails to State a Claim for "False Advertising" ................................11

    D.  Because All the Lanham Act Claims Must Be Dismissed, There Is No Basis For Original Federal Jurisdiction and Thus the Court Should Exercise its Discretion to Dismiss the State Law Claims ..................................................................13

    E.  The Seventh and Eighth Claims For Relief Should Also Be Dismissed for Failure to State a Claim.................................................................................................14

CONCLUSION..............................................................................................................................15

## TABLE OF AUTHORITIES

### CASES

Ballet Makers v. U.S. Shoe Corp.,
633 F. Supp. 1328 (S.D.N.Y. 1986) ...................................................................................6, 7

Byron Lars, Duck, Ink, Inc. v. San Siro, Inc.,
1997 U.S. Dist. LEXIS 9398 (S.D.N.Y. 1997)..........................................................................9

Cortec Industries, Inc. v. Sum Holding L.P.,
949 F.2d 42 (2d Cir. 1991) ......................................................................................................3n

De Jesus v. Sears Roebuck & Co., Inc.,
87 F.3d 65 (2d Cir. 1996) ...................................................................................................6, 12

El Greco Leather Products Co. v. Shoe World, Inc.,
806 F.2d 392 (2d Cir. 1986) ................................................................................................10n

Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.,
314 F.3d 48 (2d Cir. 2002) ....................................................................................................11n

Full Creative, Ltd. d/b/a I.C.B. Asia, Co., Ltd. v. Sole City, Inc., et al.,
Docket No. 04 Civ. 02907 (RJH) (the "Companion Case") ..........................................5

Gmurzynska v. Hutton,
355 F.3d 206 (2d Cir. 2004) ................................................................................................11n

Gucci America, Inc. v. Duty Free Apparel, Ltd.,
277 F. Supp. 2d 269 (S.D.N.Y. 2003) ....................................................................................5, 6

H.L. Hayden Co. of NY v. Siemens Medical Systems,
879 F.2d 1005 (2d Cir. 1989) ..............................................................................................6, 7

Harris v. City of New York,
186 F.3d 243 (2d Cir. 1999) ....................................................................................................5

Jordache Enterprises, Inc. v. Levi Strauss & Co.,
841 F. Supp. 506 (S.D.N.Y. 1993) ..........................................................................................7

Lipton v. Nature Co.,
71 F.3d 464 (2d Cir. 1995) ....................................................................................................11

Maharishi Hardy Blechman v. Abercrombie & Fitch,
292 F. Supp. 2d 535 (S.D.N.Y. 2003) ....................................................................................11

Matrix Essentials, Inc. v. Emporium Drug Mart, Inc. of Lafayette,
988 F.2d 587 (5th Cir. 1993) ............................................................................................... 7

Miqui v. City of New York,
2003 U.S. Dist. LEXIS 22337 (S.D.N.Y. 2003) ............................................................... 13

Miss Universe, Inc. v. Patricelli,
753 F.2d 235 (2d Cir. 1985) ............................................................................................... 7

Monte Carlo Shirt Inc. v. Daewoo International (Am. Corp.),
707 F.2d 1054 (9th Cir. 1983) ........................................................................................... 7

National Basketball Association v. Motorola, Inc.,
105 F.3d 841 (2d Cir. 1997) ............................................................................................. 12

Polymer Technology Corporation v. Mimran,
37 F.3d 74 (2d Cir. 1994) .................................................................................................. 6

Rogers v. HSN Direct Joint Venture,
1999 U.S. Dist. LEXIS 14392 (S.D.N.Y 1992) ................................................................. 8

Sasson Jeans, Inc. v. Sasson Jeans, L.A., Inc.,
632 F. Supp. 1525 (S.D.N.Y. 1986) ............................................................................... 6, 7

Sasson Jeans, Inc. v. Sasson Jeans, L.A., Inc., supra,
632 F. Supp. at 1528 .......................................................................................................... 7

Sebastian International, Inc. v. Longs Drug Stores, Corp.,
53 F.3d 1073 (9th Cir. 1995) ............................................................................................. 8

Shell Oil Co. v. Commercial Petroleum, Inc.,
928 F.2d 104 (4th Cir. 1991) ............................................................................................. 7

Twentieth Century Fox Film Corp. v. Marvel Enterprises,
230 F. Supp. 2d 289 (S.D.N.Y. 2002) ................................................................. 3n, 5, 6, 10

Valencia ex rel. Franco v. Lee,
316 F.3d 299 (2d Cir. 2003) ............................................................................................. 13

Weissbrod v. Housing Part of the Civil Court of the City of New York,
293 F. Supp. 2d 349 (S.D.N.Y. 2003) .............................................................................. 13

## STATUTES

28 U.S.C. 1367 ...........................................................................................................................13

Fed. R. Civ. P. 12(b)(6) ........................................................................................................3n, 5, 12

15 U.S.C. §1051 et seq ......................................................................................................6, 11n

## TREATISES

4 J. McCarthy, Trademarks and Unfair Competition § 25.49 (4th ed. 2004).....................................7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
INNOVATIVE CUSTOM BRANDS INTL., INC.,   :   Civil Action No. 04 CV 2937 (RJH)
:
                     Plaintiff,   :
:
     -against-   :
:
SOLE CITY, INC., SOLOMON SAFDEYE,   :
ALAN KANDALL, JEFFREY BERNSTEIN and   :
MARC DOLCE,   :
:
                     Defendants.   :
----------------------------------------------------------------x

### MEMORANDUM OF LAW OF DEFENDANTS IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

      Defendants Sole City, Inc. ("Sole City"), Solomon Safdeye ("Safdeye") and Alan Kandall ("Kandall") hereby submit their memorandum of law in support of their motion to dismiss the Complaint dated April 16, 2004 (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

### PRELIMINARY STATEMENT

      This action arises out of a terminated license agreement pursuant to which plaintiff licensed to Sole City the TROOP trademark for use on footwear. Recognizing that state law breach of contract claims will not support this Court's exercise of federal subject matter jurisdiction, plaintiff purports to allege claims for trademark infringement, false designation of origin and false advertising under the United States Lanham Act and various other state law claims. As we demonstrate below, plaintiff's trademark and false designation of origin claims must be dismissed for the simple reason that the goods that

---

[1] The Complaint is attached as Exhibit "A" to the Affidavit of Adam M. Cohen, duly sworn to on May 26, 2004 ("Cohen Affidavit").

form the basis for plaintiff's trademark infringement claims are *genuine* goods made by plaintiff and its affiliated company and therefore plaintiff has not and cannot allege consumer confusion as to source or sponsorship, which is the <u>sine</u> <u>qua</u> <u>non</u> of any trademark infringement claim. It is black letter trademark law that genuine goods cannot form the basis for a trademark infringement action, even if the sale of these goods is unauthorized.

Plaintiff's claims for "false advertising" must also be dismissed because plaintiff has failed to allege, as it must, *any* statements made by defendants for commercial advertising or promotional purposes, let alone statements that are literally or deceptively false about an inherent quality or characteristic of the product. Plaintiff cannot allege that any such statements were made because no such statements were made. To the extent that plaintiff alleges that defendants *gave the impression* that the goods emanated from plaintiff, such allegation cannot form the basis for a false advertising claim because such statement is absolutely true; the goods were genuine and did in fact originate with plaintiff. As such, plaintiff's false advertising count fails to state a claim upon which relief may be granted.

Without any remaining Lanham Act claims there is no longer any basis for original federal court subject matter jurisdiction and this Court should decline to exercise supplemental jurisdiction over the remaining state law claims, which have no business being adjudicated by this Court absent federal claims.

In sum, as this Court will plainly see, plaintiff's cognizable claims, to the extent it has cognizable claims, are garden variety breach of contract claims arising out of the license agreement. Because plaintiff has failed to state a claim over which this Court

203731.2

2

has federal subject matter jurisdiction, all claims should be dismissed.

## STATEMENT OF FACTS

**Relevant Provisions of the License Agreement**

On or about September 1, 2002, plaintiff Innovative Custom Brands, Intl., Inc. ("plaintiff") and defendant Sole City, Inc. ("Sole City") entered into a license agreement (the "License Agreement") pursuant to which Sole City licensed from plaintiff the right to use the TROOP trademark in connection with the sale of footwear in the United States.  (Cplt ¶ 12 )  A true and correct copy of the License Agreement is attached to the Cohen Affidavit as Exhibit "B".[2]

The License Agreement contained the unusual requirement that all goods branded with the TROOP trademark to be sold by Sole City must be purchased from plaintiff.   For instance, Article 2 of the License Agreement provides in relevant part:

> "2.2    Unless otherwise agreed to by the parties, [footwear] sold, offered for sale, marketed, distributed, advertised or promoted by Licensee <u>shall be purchased from [plaintiff] (or a manufacturer designated by [plaintiff])</u> at competitive prices and on terms and conditions mutually agreed to by [plaintiff] and [Sole City].
>
> "2.3    Anything in this Agreement to the contrary notwithstanding, <u>[Sole City] has no right or license to, and will not: (i) sell, offer to sell, market, distribute, advertise or promote any [footwear bearing the TROOP marks] that have not been purchased from [plaintiff]</u> in accordance with this Agreement . . . ." (Emphasis added)

(See also Cplt. ¶ 13)

---

[2] On a 12(b) (6) motion, the court may consider documents referred to in, and integral to, the plaintiff's allegations, even if the plaintiff has not attached the document to the pleading.  See, e.g., Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) ("when plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading"),  cert. denied, 503 U.S. 960 (1992); Twentieth Century Fox Film Corp. v. Marvel Enterprises, 230 F. Supp. 2d 289, 292 (S.D.N.Y. 2002).

Paragraph 13 of the Complaint confirms Sole City's obligation to purchase branded footwear only from plaintiff by alleging "[i]n addition, Sole City was obligated to purchase all Licensed Products from [plaintiff] or its designee. Consistent with [plaintiff's] practice, ICB Asia was [plaintiff's] designee to manufacture all Licensed Products pursuant to the [License Agreement]."

Paragraph 11 of the Complaint alleges that "ICB uses Full Creative, Ltd. d/b/a I.C.B. Asia, Co., Ltd. ('ICB Asia') ([plaintiff] and ICB Asia are collectively referred to as 'ICB'), as its exclusive manufacturing agent."

Thus, plaintiff alleges (and the License Agreement confirms) that all goods sold by defendants bearing the TROOP mark were to be manufactured by plaintiff or ICB Asia.

**Course of Conduct Between the Parties Relating to Manufacture of Subject Goods**

Paragraph 15 of the Complaint alleges that, consistent with Sole City's obligations under the License Agreement:

> "15.   Between March and December 2003, Sole City ordered and accepted delivery of approximately 110,000 pairs of Licensed Product having an invoice value in excess of $1,700,000. To date, ICB Asia is owed approximately $1,300,000 for Licensed Products ordered and accepted by Sole City, plus more than $60,000 for sample and production molds ICB Asia manufactured at Defendants' behest."

Sole City purchased from plaintiff's agent ICB Asia and took possession of significant units of footwear branded with the TROOP mark. (Cplt. ¶ 15) Sole City did not buy or sell one piece of TROOP footwear that was purchased from anyone other than plaintiff or its agent and nowhere in the Complaint is it alleged that any defendant sold, advertised, promoted, distributed or took any other action with respect to any

footwear that was not purchased from plaintiff or its designee ICB Asia. In fact, the *only* footwear alleged in the Complaint is footwear that Sole City purchased from plaintiff or its exclusive manufacturing agent ICB Asia. Every piece of TROOP footwear that defendants sold or promoted was a genuine good manufactured by ICB Asia.

**Companion Case**

Prior to commencing this case, ICB Asia commenced in this Court the companion case titled Full Creative, Ltd. d/b/a I.C.B. Asia, Co., Ltd. v. Sole City, Inc., et al., Docket No. 04 Civ. 02907 (RJH) (the "Companion Case") against the same defendants as those sued herein. The Companion Case arises from the same series of transactions and alleges many duplicative state law claims as those asserted in this case.

**ARGUMENT**

**THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6) AS AGAINST ALL DEENDANTS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

A. Legal Standard

Dismissal of a complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate where it appears beyond doubt that the non-moving party can prove no set of facts in support of its claim that would entitle it to relief. Gucci America, Inc. v. Duty Free Apparel, Ltd., 277 F. Supp. 2d 269, 272 (S.D.N.Y. 2003), citing Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999); Twentieth Century Fox Film Corp. v. Marvel Enterprises, 230 F. Supp. 2d 289, 292 (S.D.N.Y. 2002). On a Rule 12(b)(6) motion, the Court should accept all well-pleaded factual assertions as true and draw all reasonable inferences in favor of the non-moving party. See Gucci

America, Inc. v. Duty Free Apparel, Ltd., supra, 277 F. Supp. 2d at 272.  However, mere conclusory allegations without factual support are insufficient to survive a motion to dismiss.  Twentieth Century Fox Film Corp. v. Marvel Enterprises, supra, 230 F. Supp. 2d at 292, citing De Jesus v. Sears Roebuck & Co., Inc., 87 F.3d 65, 70 (2d Cir. 1996) ("a complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)").

      B.      Plaintiff Fails to State a Claim Under Sections 32 or 43(a) of the Lanham Act or For Common Law Trademark Infringement

The first two claims in the Complaint purport to seek relief under the Lanham Act, 15 U.S.C. §1051 et seq., for trademark infringement (Section 32) and false designation of origin (Section 43(a)), respectively, and the fourth claim purports to seek relief for trademark infringement under state common law.

           1.      The Sale of Genuine Goods Cannot Form the Basis For a Trademark Infringement Claim

It is well-settled that an action for trademark infringement "will not arise where the goods being sold are genuine goods bearing a true mark."  Polymer Technology Corporation v. Mimran, 37 F.3d 74, 78 (2d Cir. 1994); H.L. Hayden Co. of NY v. Siemens Medical Systems, 879 F.2d 1005, 1023 (2d Cir. 1989) ("the unauthorized sale of a genuine trademarked product does not in itself constitute trademark infringement" since there is "no possibility of deception or confusion"); Sasson Jeans, Inc. v. Sasson Jeans, L.A., Inc., 632 F. Supp. 1525, 1528 (S.D.N.Y. 1986) ("the courts of this Circuit have held that the unauthorized sale of authorized goods does not give rise to a claim of trademark infringement"); Rogers v. HSN Direct Joint Venture, 1999 U.S. Dist. LEXIS 14392 at 7  (S.D.N.Y 1992) (Stanton, J.); Ballet Makers v. U.S. Shoe Corp.,

203731.2      6

633 F. Supp. 1328, 1331 (S.D.N.Y. 1986); Matrix Essentials, Inc. v. Emporium Drug Mart, Inc. of Lafayette, 988 F.2d 587 (5th Cir. 1993); Shell Oil Co. v. Commercial Petroleum, Inc. 928 F.2d 104, 107 (4th Cir. 1991); Monte Carlo Shirt Inc. v. Daewoo Int'l (Am. Corp.), 707 F.2d 1054, 1058 (9th Cir. 1983); 4 J. McCarthy, Trademarks and Unfair Competition § 25.49 at 25-111 (4th ed. 2004).

  The reason that trademark law does not reach the sale of genuine goods is that the sine qua non of any claim of trademark infringement is the "likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question". H.L. Hayden Co. of N.Y. v. Siemens Medical Systems, supra, 879 F.2d at 1023 ("the unauthorized sale of a genuine trademarked product does not in itself constitute trademark infringement" since there is "no possibility of deception or confusion"); Jordache Enterprises, Inc. v. Levi Strauss & Co., 841 F. Supp. 506, 514 (S.D.N.Y. 1993)(trademark infringement or unfair competition requires a likelihood of confusion); Miss Universe, Inc. v. Patricelli, 753 F.2d 235, 237 (2d Cir. 1985) (likelihood of confusion is "crucial issue" in establishing liability for trademark infringement); Sasson Jeans, supra, 632 F. Supp. at 1527 (trademark infringement is "premised upon the allegation that the public is confused as to the source of the goods in questions"). This is true whether the claims sound in trademark infringement or unfair competition. Ballet Makers v. U.S. Shoe Corp., supra, 633 F. Supp. at 1331 ("the touchstone of liability is the same [for trademark infringement or unfair competition] actions, namely, a likelihood of consumer confusion); Sasson Jeans, Inc. v. Sasson Jeans, L.A., Inc., supra, 632 F. Supp. at 1528 (the "confusion test for trademark infringement governs both the federal trademark infringement claims and New

York Business Law trademark infringement and unfair competition claims"). The law in this Circuit is unquestionably that where the goods are genuine, there is no possibility of confusion as to the source of the goods and therefore no trademark infringement.

A common thread running through most of these cases is the "exhaustion" or "first sale" doctrine, which provides that a trademark owner cannot control the further resale of genuine goods once it places the genuine goods into the stream of commerce. "[C]ourts have consistently held that, with certain well-defined exceptions, the right of a producer to control distribution of its trademarked product does not extend beyond the first sale of the product. Resale by the first purchaser of the original article under the producer's trademark is neither trademark infringement or unfair competition." Rogers v. HSN Direct Joint Venture, supra, 1999 U.S. Dist. LEXIS 14392 at 7, citing Sebastian Int'l, Inc. v. Longs Drug Stores, Corp., 53 F.3d 1073, 1074 (9th Cir. 1995).

Plaintiff's allegations for trademark infringement and false designation of origin are fatally defective and insufficient as a matter of law and must be dismissed because all of the goods that plaintiff alleges to be infringing are genuine goods manufactured by plaintiff or its agent ICB Asia. (Cplt. ¶¶ 13-15) In fact, it was plaintiff which affixed the TROOP trademark to the goods. The License Agreement required Sole City to purchase the goods from plaintiff and that is what Sole City did; there is no allegation - - nor could there be - - that these goods were not genuine or that the TROOP mark was placed on these goods in error. As such, these goods are "genuine".

### 2. Even The Sale of Unauthorized Genuine Goods Cannot Form the Basis For a Trademark Infringement Claim

Plaintiff attempts to plead claims for trademark infringement and false designation origin by alleging that the sales of the genuine goods were not authorized. The sum total of plaintiff's allegations relating to trademark infringement appear in paragraphs 16 and 17 of the Complaint. Paragraph 16 of the Complaint alleges that defendants infringed plaintiff's trademarks by selling branded goods to "mass market retailers" whereas the License Agreement prohibited such sales.[3] However, even the unauthorized sale of genuine goods does not constitute trademark infringement. See Sasson Jeans Inc. v. Sasson Jeans, L.A., Inc., supra, 632 F. Supp. at 1528 (the "unauthorized sale of authorized goods does not give rise to a claim of trademark infringement"); Byron Lars, Duck, Ink, Inc. v. San Siro, Inc., 1997 U.S. Dist. LEXIS 9398 at 23 (S.D.N.Y. 1997) (Keenan, J.) ("the sale of [plaintiff's] merchandise to unauthorized retailers, without more, does not constitute trademark infringement"). Paragraph 17 of the Complaint alleges that, notwithstanding the termination of the License Agreement, Sole City "continues to advertise, offer for sale and/or sell products using the TROOP Trademarks."[4] Passing the fact that this conclusory allegation is insufficient to state a claim upon which relief can be granted because it is based on no

---

[3] Paragraph 16 of the Complaint provides in full: "Sole City willfully infringed the TROOP Trademarks. For example, Sole City was not licensed to use the TROOP Trademarks to sell or otherwise distribute products using the TROOP Trademarks to mass market retailers. Without license or permission, Sole City nevertheless advertised, offered for sale and sold products to mass market retailers using the TROOP Trademarks." (Cplt. ¶ 16)

[4] Paragraph 17 of the Complaint provides in full: "As more fully set forth below, Sole City repeatedly breached the TROOP License. On March 24, 2004, ICB US terminated the License Agreement for cause. Sole City acknowledged the effectiveness of that termination on March 26, 2004. Notwithstanding the termination, Sole city continues to advertise, offer for sale and/or sell products using the TROOP Trademarks." (Cplt. ¶ 17)

supporting factual allegations (see Twentieth Century Fox v. Marvel Enterprises, supra, 230 F. Supp. 2d at 292), such an allegation, even accepting it as true, cannot form the basis for a Lanham Act claim again because the sale of unauthorized genuine goods does not constitute trademark infringement or false designation of origin.[5] Supra at point A.2.

The case of Rogers v. HSN Direct Joint Venture, supra, 1999 U.S. Dist. LEXIS 14392, is instructive and on all fours with the instant situation. In that case, a defendant cross-claimed against a co-defendant for trademark infringement after the cross-claimant terminated the trademark license agreement with the co-defendant. Like here, in Rogers some of the trademarked goods were manufactured by the cross-claimant and sold to the defendants for eventual resale. The cross-claimant, like the plaintiff herein, claimed that the unauthorized sale of trademarked goods after the termination of the license constituted trademark infringement. The court denied the cross-claimant's motion for a preliminary injunction as to goods manufactured by the defendant, finding "[s]ince the original sale [from cross-claimant to defendant] was authorized, and there is no allegation that [defendant] altered the Product, [defendant] may resell any remaining [Product], without infringing on [cross-claimant's] trademark . . . . A distributor who resells trademarked goods without change is not liable for trademark infringement." Id.;[6] see also Sasson Jeans, Inc. v. Sasson Jeans, L.A., Inc., supra, 632 F. Supp. at 528 (citing

---

[5] This case must be contrasted with El Greco Leather Products Co. v. Shoe World, Inc., 806 F.2d 392 (2d Cir. 1986) and its progeny, where the plaintiff trademark owners were deprived of the essential right to inspect the branded goods for quality control purposes. The plaintiffs in these cases were not the manufacturers of the goods. Conversely, here, the plaintiff actually manufactured the goods in question and cannot be heard to complain that they are not genuine.

[6] Interestingly, the court in Rogers granted the preliminary injunction as to those goods manufactured by the defendant, finding that the cross-claimant's loss of ability to control the quality of the goods constituted trademark infringement. Here, of course, no goods were manufactured by defendants.

the "genuine goods" doctrine, court denied plaintiff/licensor's motion for a preliminary injunction against terminated licensee in a trademark infringement case").

Accordingly, Claims I, II and IV of the Complaint should be dismissed.

C.     Plaintiff Fails to State a Claim for "False Advertising"

Plaintiff's Third Claim for Relief is purportedly for "Federal False Advertising" under the Lanham Act. In the entire Complaint, the only allegations that can remotely be considered to relate to a false advertising claim are found in paragraph 69, where plaintiff alleges "Sole City has made use of false advertising and/or false or misleading representations of fact which will cause confusion and mistake among the consuming public that its articles emanate from, or are associated with, [plaintiff], in violation of 15 U.S.C. §1125(a)." As we demonstrate below, this bald allegation falls well short of stating a claim upon which relief may be granted and the Third Claim for Relief must be dismissed.

In order properly to plead a cause of action for false advertising under Section 43(a) of the Lanham Act, a plaintiff must allege (1) the advertising is literally false as a factual matter or (2) although the advertisement is literally true, it is likely to deceive or confuse consumers.[7] Lipton v. Nature Co., 71 F.3d 464, 474 (2d Cir. 1995); Maharishi Hardy Blechman v. Abercrombie & Fitch, 292 F. Supp. 2d 535, 552 (S.D.N.Y.

---

[7] Under the Lanham Act, the statements must constitute "commercial advertising or promotion" in order to support a claim for false advertising. See Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). In this Circuit, in order to constitute "commercial advertising or promotion" under the Lanham Act, a statement must be (1) "commercial speech", (2) made "for the purpose of influencing consumers to buy defendant's goods or services," and (3) "although representations less formal than those made as part of a classic advertising campaign may suffice, they must be disseminated sufficiently to the relevant purchasing public." See Gmurzynska v. Hutton, 355 F.3d 206, 210 (2d Cir. 2004); Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc., 314 F.3d 48, 56, 57-58 (2d Cir. 2002). Plaintiff has alleged no statements made by defendants that meet these criteria, let alone false statements.

2003). Plaintiff fails to allege *any* advertising statements of defendants, let alone statements that are either literally false or implicitly false, and thus the false advertising claim must be dismissed. See De Jesus v. Sears Roebuck & Co., Inc., supra, 87 F.3d at 70 ("a complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)"). To the extent that plaintiff can be construed to allege that defendants, in the course of promoting the products, could be deemed to have made advertising statements to the effect that the products emanate from or are associated with plaintiff, such statements cannot form the basis for a false advertising claim because such statements are absolutely and demonstrably true; the products do emanate from and are associated with plaintiff because plaintiff manufactured the products and imprinted its own trademark on the products. Such statements are therefore not literally false or implicitly false.

Moreover, in order to form the basis for a Section 43(a) Lanham Act claim, the allegedly false statements must "misrepresent[] an inherent quality or characteristic of the product." National Basketball Association v. Motorola, Inc., 105 F.3d 841, 855 (2d Cir. 1997); see also Maharishi Hardy Blechman v. Abercrombie & Fitch, supra, 292 F. Supp. 2d at 552; 15 U.S.C. §1125(a)(1)(B) (commercial advertising must "misrepresent the nature, characteristics, qualities, or geographic origin" of products). Assuming plaintiff can be deemed to have alleged any advertising statements made by defendants, and assuming plaintiff can be deemed to allege that such statements are false, plaintiff has not and cannot allege that such statements relate to an inherent quality or characteristic of the product.

      D.      Because All the Lanham Act Claims Must Be Dismissed, There Is No Basis For Original Federal Jurisdiction and Thus the Court Should Exercise its Discretion to Dismiss the State Law Claims

Plaintiff alleges that this Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. 1367. (Cplt. ¶2) 28 U.S.C. § 1367 (c) provides that "the district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction[.]" Although the district court has discretion as to whether to dismiss remaining state law claims, the prevailing view in this Circuit is that a district court should decline to exercise supplemental jurisdiction where there is no remaining federal court jurisdictional basis, particularly where, as here, the dismissal comes at the beginning of the case before the parties have invested significant time and effort in developing the case for trial. See, e.g., Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003) ("[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims"); Weissbrod v. Housing Part of the Civil Court of the City of New York, 293 F. Supp. 2d 349, 355 (S.D.N.Y. 2003); Miqui v. City of New York, 2003 U.S. Dist. LEXIS 22337 (S.D.N.Y. 2003) (Block, J.).

      Here, if this Court dismisses all of the Lanham Act claims, all bases for original federal court jurisdiction will be removed and this Court should exercise its discretion under 28 U.S.C. § 1367 to dismiss the remaining state law claims.[8] We

---

[8] There is no basis for diversity jurisdiction inasmuch as plaintiff and defendants reside in New York State.

submit that issues of fairness, judicial economy, convenience and comity all point toward dismissal of state claims.

We point out that the state law claims asserted in this case are virtually identical to the state law claims asserted in the earlier-filed Companion Case against the same defendants alleging the same series of transactions. Multiple lawsuits alleging the same series of transactions between identical or related parties can only give rise to judicial inefficiency.

We also note that the *only* claims brought against defendant Kandall are purely state law claims - - plaintiff has not alleged any Lanham Act (or common law trademark claims for that matter) against Kandall.[9] Accordingly, it is particularly unfair to keep defendant Kandall in this case in federal court where no federal causes of action were *ever* alleged against him. Moreover, if Kandall is dismissed from the case, considerations of judicial efficiency militate even more strongly in favor of dismissal of all state law claims against all defendants so that they may be litigated together in state court should plaintiff desire to continue to press its claims.

E. The Seventh and Eighth Claims For Relief Should Also Be Dismissed For Failure to State A Claim

The Seventh (Fraud) and Eighth (Negligent Misrepresentation) Claims for Relief should also be dismissed for the additional reason that such claims fail to state a claim upon which relief may be granted, as defendants demonstrate in the Memorandum of Law in Support of their Motion to Dismiss filed contemporaneously herewith in the Companion Case, a copy of which is attached to the Cohen Affidavit as Exhibit "C".

---

[9] There are also no federal claims alleged against defendants Jeffrey Bernstein and Marc Dolce, who this firm does not represent.

203731.2                                14

Defendants hereby incorporate by reference and adopt the arguments made in the brief in the Companion Case.

## CONCLUSION

For the foregoing reasons, all claims for relief contained in the Complaint should be dismissed.

Dated: New York, New York
      May 27, 2004

                                Respectfully submitted,

                                KANE KESSLER, P.C.

                                By:   s/Adam M. Cohen
                                      Adam M. Cohen (AMC-9918)
                                      Dana M. Susman (DMS-5436)
                                Attorneys for defendants Sole City, Inc.,
                                Solomon Safdeye and Alan Kandall
                                1350 Avenue of the Americas
                                New York, NY  10019
                                (212) 541-6222