Esther S. Trakinski (ET 7791)
Ira S. Sacks (IS 2861)
Gursky & Partners, LLP
1350 Broadway, 11th Floor
New York, NY 10018
(212) 904-1234

Attorneys for Plaintiffs
Full Creative, Ltd. d/b/a
I.C.B. Asia, Co., Ltd. and
Innovative Custom Brands Intl., Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
FULL CREATIVE, LTD. d/b/a I.C.B. ASIA, CO., LTD.,

                Plaintiff,

            - against -

SOLE CITY, INC., SOLOMON SAFDEYE,
ALAN KANDALL, JEFFREY BERNSTEIN and
MARC DOLCE,

                Defendants.
----------------------------------------------------------------x
INNOVATIVE CUSTOM BRANDS INTL., INC.,

                Plaintiff,

            - against -

SOLE CITY, INC., SOLOMON SAFDEYE,
ALAN KANDALL, JEFFREY BERNSTEIN and
MARC DOLCE,

                Defendants.
----------------------------------------------------------------x

04 Civ. 2907 (RJH)(GWG)
*Action No. 1*

**NOTICE OF MOTION TO
<u>COMPEL DISCOVERY</u>**

4 CV 2937 (RJH)
*Action No. 2*

      **PLEASE TAKE NOTICE**, that upon the annexed declaration of Esther S. Trakinski, Esq., dated October 19, 2004, and upon all of the prior proceedings and pleadings heretofore had herein, Gursky & Partners, LLP, attorneys for Plaintiff Full

Creative, Ltd. d/b/a I.C.B. Asia, Co., Ltd. in *Full Creative, Ltd. v. Sole City, Inc., et al*, 04 Civ. 2907 (RJH)(GWG)("Action 1"), and Plaintiff Innovative Custom Brands Intl., Inc., in *Innovative Custom Brands, Intl., Inc. v. Sole City, Inc., et al*, 04 Civ. 2937 (RJH)(GWG) ("Action 2"), moves the Court to compel discovery from Defendants Sole City, Inc. ("Sole City") and Solomon Safdeye ("Safdeye") (collectively "Defendants"), pursuant to Rule 37 of the Federal Rules of Civil Procedure.

The grounds for the motion are that Defendants have provided Plaintiffs with incomplete discovery in response to the Court's July 16, 2004 Order, consolidating Action 1 and Action 2 for pretrial purposes and giving Defendants 15 days to respond to Plaintiffs' First Request For Production of Documents and Things, i.e. by the end of July. Although Defendants did eventually provide Plaintiffs with approximately 3,000 pages of financial documents, which consisted principally of a print out of Sole City's general ledger, Defendants responses were incomplete. Missing are all Sole City's principal electronic bookkeeping records, which include the electronic files comprising the general ledger, among various other related ledgers and databases. We have been advised by forensic accounting experts retained to analyze Sole City's business and to evaluate Sole City's claims of financial distress that the complete electronic records are required to analyze the expenses, cash flows, and other financial activities of the company and that the hard copy of the general ledger, without the other related records, at best provides an incomplete picture.

Defendants' counsel, Kane Kessler, P.C. ("Kane Kessler"), has informed us that Sole City's electronic records are currently located at Kane Kessler's offices and that

they have not been produced to Plaintiffs because counsel has not reviewed them. Plaintiffs assume that is because Safdeye has instructed Kane Kessler to "take no further action which would result in any financial liability to him for attorneys' fees." (Kahn Aff. ¶ 14).

In light of Kane Kessler's pending motion to be relieved as counsel, it was necessary to bring the matter of production of the electronic records by Kane Kessler to this Court's attention, rather than to Magistrate Judge Gabriel W. Gorenstein in a separate motion. For the foregoing reasons, Plaintiffs move the Court to compel Defendants' counsel to produce Sole City's electronic records to Plaintiffs upon entry of the Court's Order.

Respectfully submitted, this 20 day of October 2004.

GURSKY & PARTNERS, LLP

BY: _____
Ira S. Sacks (IS 2861)
Esther S. Trakinski (ET 7791)
GURSKY & PARTNERS, LLP
1350 Broadway, 11th Floor
New York, New York 10018
(212) 904-1234

Attorneys for Plaintiffs

Full Creative, Ltd. d/b/a I.C.B.
Asia, Co., Ltd. and Innovative Custom
Brand Intl., Inc.

Motion to Compel discovery