Esther S. Trakinski (ET 7791)
Ira S. Sacks (IS 2861)
Gursky & Partners, LLP
1350 Broadway, 11th Floor
New York, NY 10018
(212) 904-1234
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| INNOVATIVE CUSTOM BRANDS INTL., INC., <br><br> Plaintiff, <br><br> - against - <br><br> SOLE CITY, INC., SOLOMON SAFDEYE, ALAN KANDALL, JEFFREY BERNSTEIN and MARC DOLCE, <br><br> Defendants. | Civil Action No. 04 CV 2937 (RJH)(GWG) <br><br> **DECLARATION OF ESTHER S. TRAKINKSI IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |

-----X

ESTHER S. TRAKINSKI declares as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.  I am admitted to practice before the Courts of this State and am Of Counsel to the law firm of Gursky & Partners, LLP, attorneys for Innovative Custom Brands Int'l, Inc. ("ICB") in this action. I submit this Declaration in support of Plaintiff's motion for a default judgment against Defendant Sole City, Inc. ("Sole City") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

2.  This action arises out of Sole City's infringement of ICB's TROOP trademarks when Sole City continued to use the TROOP trademark in commerce following termination of the License Agreement governing Sole City's use of the mark. This matter is the subject of a pending motion to dismiss.

3. The companion action to this case *Full Creative, Ltd. v. Sole City, Inc., et al*, 04 Civ. 2907 (RJH)(GWG) arises out of the failure by Defendant Sole City to pay Plaintiff's manufacturing agent, Full Creative, Ltd. d/b/a I.C.B. Asia, Co. Ltd. ("ICB Asia"), a footwear manufacturer, $1,358,693 for TROOP branded footwear Sole City purchased from ICB Asia between March and December 2003. Other than providing a formulaic denial of the allegations in its Answer, Defendant Sole City does not dispute— nor can it—the validity of its debt to ICB Asia, a fact acknowledged by Sole City's counsel early on in the litigation.

4. On November 1, 2004, this Court held a hearing on the motion of Kane Kessler, P.C. ("Kane Kessler), to be relieved as counsel for Sole City, as well as for the individual defendant Salomon Safdeye ("Safdeye"), Sole City's sole shareholder.

5. At the hearing, the Court granted Kane Kessler's motion and directed Sole City to have new counsel file a notice of appearance on or before December 1, 2004. The Court further ruled that if Sole City failed to retain new counsel, a judgment of default would be entered against it. The Court's decision is reflected in an Order dated November 1, 2004 (the "Order"). (A copy of the Order is annexed hereto as Exhibit A.)

6. To date, new counsel on behalf of Sole City has not filed notice of appearance, nor has Sole City, to my knowledge, retained new counsel

---

As the hearing on Kane Kessler's motion to be relieved as counsel was held on November 1, and the Court at that hearing stated on the record that Sole City would have until December 1 to retain substitute counsel, Plaintiff assumes that the recitation of "November 1" as the date by which Sole City was directed to retain new counsel was a typographical error.

7. Accordingly, Plaintiff respectfully requests that in accordance with the Court's Order, a default judgment in an amount to be determined, plus prejudgment interest, Plaintiff's costs and reasonable attorneys' fees and expenses be entered against Sole City in this action pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and that Plaintiff be permitted to make a subsequent application supported by affidavits and documentary evidence, upon notice, to set the amount of fees.

Dated: January 7, 2005

_____
Esther S. Trakinski

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FULL CREATIVE,

                Plaintiff,

       -v.-

SOLE CITY,

                Defendant.
------------------------------------------------------------
INNOVATIVE CUSTOM BRANDS,

                Plaintiff,
       -v-

SOLE CITY,

                Defendant.
------------------------------------------------------------X

ORDER
04 Civ.2907 (RJH) (GWG)

04 Civ. 2937 (RJH)(GWG)

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

     The motion by counsel for Sole City, Inc., Solomon Safdeye and Alan Kendall to be relieved (docket #19) was previously granted on the condition that Ken Kessler, P.C. retain any original documents or files (whether in electronic form or otherwise) in their possession relating to this matter.

     Following a conference with the parties held today, the Court hereby directs Kane Kessler, P.C. to deliver these original documents or files forthwith to counsel for the plaintiff. Counsel for the plaintiff shall copy these documents or files if possible and return the originals to Mr. Safdeye. If it is not possible to copy these documents, plaintiff may retain the originals until a final order is entered in this litigation or until further order of the Court. During such period, counsel for plaintiff shall allow reasonable and unfettered access to Mr. Safdeye. Plaintiff's motion to compel (Docket #21) is thus granted. In the event that Mr. Safdeye contends that there are documents contained in the production that should not have been produced, he shall notify plaintiff's counsel within 10 days of learning of such production and the documents shall not thereafter be used by plaintiff's counsel until further Order of the Court.

     Sole City, Inc. is directed to have new counsel file a notice of appearance on or before November 1, 2004. Should Sole City, Inc. fail to do so, a judgment of default will be entered against it.

In addition, the parties having been consulted with respect to the matters contained in this order in accordance with Rule 16(b) of the Federal Rules of Civil Procedure, it is hereby ORDERED as follows:

1.  All non-expert discovery shall be commenced in time to be completed by March 1, 2005.

2.  Disclosures of the identities and reports of experts, if any, as required by Rule 26(a)(2)(A) and (B) will be made by March 1, 2005.

    The disclosure of identities and reports of any expert intended by an opposing party solely to rebut previously-disclosed expert evidence shall be made by March 15, 2005.

3.  Depositions of experts shall be completed by March 30, 2005

4.  **All discovery must be completed by March 30, 2005.**

5.  The parties shall inform each other by letter by March 30, 2005, as to whether they intend to file a dispositive motion.[1]

6.  Any dispositive pretrial motions shall be served by April 21, 2005.

7.  If no party serves a dispositive pre-trial motion, plaintiff(s) will supply pretrial order materials to defendant(s) in accordance with the requirements of the rules of the assigned District Judge on or before April 21, 2005. The pre-trial order shall be filed within 15 days thereafter. If, however, a dispositive motion is served on or before the date in the previous paragraph, the due date of the plaintiff's portion of the pretrial order materials shall be extended to 30 days following decision on the dispositive motion and the pretrial order shall be filed within 15 days thereafter.

8.  All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. 'Good cause' as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in

---

[1] The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing or other requirements for dispositive motions.

2

compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

Please be aware that the Pro Se Office at the United States Courthouse, 500 Pearl Street, Room 230, New York, New York ((212) 805-0175) may be of assistance in connection with court procedures.

Dated: New York, New York
November 1, 2004

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies mailed to:

Ira S. Sacks, Esq.
Esther S. Trakinski, Esq.
Gursky & Partners, LLP
1350 Broadway, 11th Floor
New York, NY 10018

S. Reid Kahn, Esq.
Kane Kessler, P.C.
1350 Avenue of the Americas
New York, NY 10019

Solomon Safdeye
1115 Ocean Parkway, Apt. 3
Brooklyn, NY 11230

3